**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **08-08404-hb**
Adversary Proceeding Number: **10-80047-hb**

**ORDER**

The relief set forth on the following pages, for a total of 10 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/25/2010**



US Bankruptcy Judge
District of South Carolina

Entered: 08/25/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Timothy Carl Kain and Ruth Mulfinger Kain,<br><br>Debtor(s). | C/A No. 08-08404-HB<br><br>Adv. Pro. No. 10-80047-HB<br><br>Chapter 13<br><br>**AMENDED ORDER** |
| Timothy Carl Kain and Ruth Mulfinger Kain,<br><br>Plaintiff(s),<br><br>v.<br><br>Bank of New York Mellon f/k/a Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16; Countrywide Home Loans, Inc.; Bank of America NA; BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP; Colorado Federal Savings Bank; CWABS, Inc.; and Mortgage Electronic Registration Systems, Inc,<br><br>Defendant(s). | |

**THIS MATTER** came before the Court for hearing on Defendant Colorado Federal Savings Bank's ("CFSB") Motion to dismiss or for abstention regarding the Complaint of Timothy Carl Kain and Ruth Mulfinger Kain ("Plaintiffs"). Appearing at the hearing were John R. Cantrell, Jr., for Plaintiffs; John B. Butler, III for CFSB; and Gretchen D. Holland, Chapter 13 Trustee.

Plaintiffs' Complaint seeks a declaratory judgment, injunctive and equitable relief as well as damages. The Complaint asks the Court to free Plaintiffs' home from any security interest that may be claimed by Defendant(s) as a result of a voluntarily executed note and mortgage, objects to a resulting secured proof of claim filed in this case filed by parties other

than movant CFSB, and seeks damages against one or a combination of the Defendants. The Complaint includes the following authorities as a basis for relief: 11 U.S.C. §§ 105(a), 362(a), 501, 502(b)(1), 506 and 544; 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23); Rules 2016(a), 3001, 3007, 7001(1), 7001(2), 7001(7), and 7001(9) of the Federal Rules of Bankruptcy Procedure.

Defendant CFSB's Motion seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that a Chapter 13 debtor does not have standing to pursue this action under 11 U.S.C. § 544(a) and may not obtain blanket jurisdictional powers pursuant to § 105, and further argues that Plaintiffs are barred from pursuing this action as they failed to list it in their bankruptcy schedules.[1] CFSB also asserts that if the action against it is not dismissed, abstention is appropriate pursuant to 28 U.S.C. § 1334(c)(1) and (2), because there is an existing state court foreclosure action where these issues could be raised.

CFSB is one of six Defendants in this case. The Defendants and cast of characters that Plaintiffs' Complaint identifies are: Bank of New York for Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16, ("BONY" or "Trustee"), Bank of New York Mellon Corporation ("BNYM" or "Trustee"), Countrywide Home Loans, Inc. ("CHL" or "Seller"), Bank of America NA ("BOA" or "Seller"), Countrywide Home Loans Servicing LP ("CHLS" or "Master Servicer"), BAC Home Loans Servicing LP ("BAC" or "Master Servicer"), Colorado Federal Savings Bank ("CFSB" or "Originator"), CWABS, Inc., CWABS Asset-Backed Certificates Trust, Series 2005-16 ("the Trust") and Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. f/k/a NEW MERS, Inc. (collectively "MERS").

---

[1] Plaintiffs/Debtors have amended their bankruptcy schedules.

2

Plaintiffs' Complaint alleges that CFSB was the originator of the mortgage loan in question. The Complaint does not allege that CFSB has filed a proof of claim in this case or that it is asserting any rights as a result of its origination of the loan. Plaintiffs allege that after the origination of the loan "CFSB then sold Plaintiffs' loan either directly or through an intermediary to CHL, which transfer was completed on or before December 1, 2005. . . . The Plaintiffs allege that CFSB has, for valuable consideration, previously transferred all of its right, title and interest in and to Plaintiff's [sic] loan, and that CFSB no longer claims any financial interest in Plaintiff's [sic] loan." Based on these and other allegations, Plaintiffs craft their prayer for relief as indicated below, often requesting relief in their favor against a specific party (not CFSB) and more often requesting relief from the Court against "Defendants" or from no party in particular:

> 61. As a result of the allegations herein, the Plaintiffs respectfully pray of the Court that:
> a. The Trust has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

3

      b.    The Trustee for the Trust has no enforceable secured or unsecured claim against property of the estate in bankruptcy;

      c.    All other Defendants have no enforceable secured or unsecured claim against property of the estate in bankruptcy;

      d.    The sworn Proof of Claim filed on behalf of the Trust is false, fraudulent, and otherwise unlawful;

      e.    The sworn Proof of Claim filed on behalf of the Trust violates FRBP 3001 of the Bankruptcy Rules, and the Official forms and instructions thereto for lack of any supporting documentation;

      f.    The sworn Proof of Claim filed on behalf of the Trust includes improper fees and charges that have never been approved by this Court pursuant to Section 506(b) of the Bankruptcy Code and FRBP 2016(a);

      g.    The sworn Proof of Claim attempts to unlawfully secure property of the estate and property from the estate in violation of Section 362(a)(3) of the Bankruptcy Code;

      h.    That the Court grant an Injunction, both temporary and permanent, to prevent any efforts by the Defendants to endorse and deliver the Note or assign the Mortgage to the Trustee or the Trust postpetition and that such efforts be declared an unlawful act in willful violation of Section 362(a)(4) of the Bankruptcy Code;

      i.    The Mortgage on the real property, if valid and enforceable, be assigned to the Chapter 13 Trustee along with the transfer of the note, if valid and enforceable;

      j.    If the Note and Mortgage are valid and enforceable against the Debtors, that the Chapter 13 Trustee be granted a second Mortgage or second lien, subject only to the other existing mortgage, on the real property in order to preserve the rights of the estate in the said collateral subject to the exemption claim of the Plaintiffs in the said residential real estate;

      k.    The Plaintiffs have and recover actual and punitive damages in an amount to be determined by this Court;

      l.    The Plaintiffs have and recover their reasonable legal fees in an amount to be determined by this Court;

      m.    The Plaintiffs recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

      n.    The Plaintiffs have such other and further relief as to the Court may seem just and proper.

Thereafter Plaintiffs add an additional cause of action under the heading "TILA Rescission Issues." After alleging that the loan originator and any other appropriate parties failed to comply with certain regulations, the prayer for relief is as follows:

4

83. As a result of the aforesaid violations of the Act and Regulation Z pursuant to 15 U.S.C. 5§ 1635(a) and 1640(a), Defendants pray that the Court will Order that Defendants are liable to Plaintiffs in Judgment for:

    A.    Rescission of this transaction;

    B.    Termination of any security interest in Plaintiff's property created under the transaction;

    C.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    D.    Twice the finance charge in connection with this transaction, but not less than Two Hundred and No/100ths ($200.00) Dollars, nor more than Two Thousand and No/100ths ($2000.00) Dollars under 15 U.S.C. § 1640(a);

    E.    The right to retain proceeds to vest in Plaintiffs;

    F.    Actual damages in an amount to be determined at trial;

    G.    Reasonable attorney fees and costs of this action;

    H.    For an order enjoining Defendants during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgage regarding the property or from otherwise taking any further steps to deprive Plaintiff of ownership of said property;

    I.    For an Order granting Plaintiffs punitive damages in such an amount as the Court may award;

    J.    That the Court reform Defendants proof of claim as set forth herein to be an unsecured claim without priority in an amount to be determined by the Court; and,

    K.    For such other and further relief as the Court deems just and proper.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" <u>Bell</u>

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 127 S.Ct. at 1965). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 S.Ct. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Twombly, 127 S.Ct. at 1959). When determining a motion to dismiss pursuant to Rule 12(b)(6), the Court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. See De Sole v. U.S., 947 F.2d 1169, 1171 (4th Cir. 1991) (citing Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848 (1969)).

    CFSB's Motion requests that Plaintiffs' claims against it relating to the filing and disallowance of a proof of claim be dismissed because it has not filed a proof of claim and therefore any causes of action regarding or arising as a result of an objection to claim are not supported by the allegations of the Complaint, as asserted against CFSB. The Court agrees that Plaintiffs cannot prosecute an objection to claim against a claimant that has not filed a proof of claim and when Plaintiffs have not alleged that CFSB has asserted a claim in this case. Should CFSB file a proof of claim in the future or assert any interest in this case or against property of this estate based on the currently filed proof of claim, Plaintiffs can take the appropriate action at that time. These causes of action simply do not apply to this

Defendant. Further, Plaintiffs' Complaint alleges that CFSB no longer claims any financial interest in Plaintiffs' loan. Therefore, the requests made in paragraphs 61(a), (b), (c), (d), (e), (f), (g), (h), (i), (j) and paragraphs 83(h) and (j) are not supported by the factual allegations of Plaintiffs' Complaint to the extent that they request entry of a declaratory judgment, injunctive and equitable relief or damages in favor of Plaintiffs against CFSB. Dismissal of these causes of action or requests for relief against CFSB is therefore appropriate.

Paragraphs 61 (k), (l), (m) and (n) request actual and punitive damages, legal fees, costs and expenses and general relief. However, such relief is only appropriate if supported by adequate factual allegations against this Defendant and tied to an appropriate legal authority. The Court finds after multiple reviews of Plaintiffs' Complaint, that it is difficult to determine the factual allegations relating to this Defendant that match appropriate legal authorities to support the requested relief. This is especially difficult given the number of Defendants, their different roles in this transaction and because Plaintiffs' Complaint in some places reads more like a brief than a complaint.[2] Further, these requests appear to be based on the causes of action related to or arising as a result of Plaintiffs' objection to a proof of claim and Plaintiffs' requests that the Court determine whether this creditor has any interest in estate or Plaintiffs' property, which causes of action are not supported by the factual allegations against this Defendant. The Complaint does not allege that CFSB is asserting any claim against the Plaintiffs as a result of its origination of the loan and in fact

---

[2] For example, complaints in Federal Court tend to have specific headings such as "**First Cause of Action**" and then include the applicable authority or authorities. Further, when multiple Defendants are present, useful headings often list the Defendant or Defendants that relate to a specific cause of action. Although the Court need not reach this issue, it is also difficult to determine how Plaintiffs' theories of recovery are independent of or intertwined with § 544 to address the standing issues raised by CFSB. The Complaint is vague on these points and the Court should not have to guess which authorities apply to which requested remedies, and of which Defendants Plaintiffs complain.

7

asserts that CFSB is not claiming any such interest, and therefore these causes of action or requests for relief are not appropriately directed against CFSB.

The remaining causes of action and allegations are based on TILA. An action for rescission under TILA can be triggered by a creditor's failure to provide a "material disclosure." 15 U.S.C. § 1635; see also 17 Am. Jur. 2d Consumer Protection § 135 (citing Barsky v. Commercial Credit Corp. (In re Barsky), 210 B.R. 683, 687 (Bankr. E.D. Pa. 1997)); see also Botelho v. U.S. Bank, N.A., 692 F. Supp. 2d 1174, 1177 (N.D. Cal. 2010) (denying Defendant's Motion to Dismiss where Plaintiff claimed entitlement to rescission where creditors failed to provide two copies of the "Notice of Right to Cancel" form.). Plaintiffs' Amended Complaint contains numerous allegations of Defendants failures to provide material disclosures when the loan was originated. Therefore, after a review of the Complaint and applicable authorities it appears that the allegations related to Plaintiffs' TILA rescission actions are sufficient to survive a 12(b)(6) motion with CFSB as a Defendant, when evaluating the minimal requirements necessary to defeat a 12(b)(6) motion. CFSB argues, however, that all causes of action should be dismissed because Plaintiffs failed to list those causes of action on their bankruptcy schedules. While this fact may ultimately affect the final resolution of these matters, after a review of the cited authorities it does not appear that dismissal at the 12(b)(6) stage is appropriate. The Complaint's allegations meet the minimal standards to survive a 12(b)(6) challenge and CFSB may raise this issue at any point in the future when the Court is charged with weighing the facts of the case. Therefore, to the extent that CFSB's Motion to dismiss requests dismissal as to the causes of action set forth in paragraph 83 and subparagraphs (a – g), (i) and (k), that Motion is denied.

CFSB argues, alternatively, that the Court should abstain from hearing these matters pursuant to 28 U.S.C. § 1334(c)(1) and (2), because there is an existing state court foreclosure action where these issues could be raised.  After a review of the authorities set forth in CFSB's memorandum and consideration of its arguments, the Court finds that abstention is not appropriate at this time.  This decision is reached after considering that this is a Chapter 13 proceeding that has been pending for some time with the state court proceedings stayed by 11 U.S.C. § 362, and given that the remaining causes of action against CFSB are factually related to the objections to the claims of the other Defendants regarding a loan that originated with CFSB.

**IT IS THEREFORE, ORDERED**

That CFSB's Motion to dismiss is **DENIED** as to the causes of action and remedies outlined in the paragraph numbered 83 and subparagraphs (a – g), (i) and (k), and **GRANTED** as to all remaining causes of action (all of paragraph 61[3] including subparagraphs, and 83(h) and (j)).

That CFSB's Motion for abstention is **DENIED**.

**AND IT IS SO ORDERED.**

---

[3] The prior Order incorrectly stated paragraph "63" instead of the correct paragraph "61."