# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **08-08404-hb**

Adversary Proceeding Number: **10-80047-hb**

### ORDER ON MOTION TO COMPEL AND MOTION TO EXTEND TIME FOR DISCOVERY

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/30/2011**



*US Bankruptcy Judge*
District of South Carolina

Entered: 09/30/2011

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Timothy Carl Kain and Ruth Mulfinger Kain,<br><br>                                 Debtor(s).<br><br>Timothy Carl Kain<br>Ruth Mulfinger Kain,<br><br>                                 Plaintiff(s),<br><br>v.<br><br>Bank of New York Mellon, f/k/a Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16<br>Bank Of America NA<br>BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP<br>Colorado Federal Savings Bank<br>CWABS, Inc.<br>Countrywide Home Loans, Inc.<br>Mortgage Electronic Registration Systems, Inc.,<br><br>                                Defendant(s). | C/A No. 08-08404-HB<br><br>Adv. Pro. No. 10-80047-HB<br><br>Chapter 13<br><br>**ORDER ON MOTION TO COMPEL AND MOTION TO EXTEND TIME FOR DISCOVERY** |

      THIS MATTER came before the Court on September 29, 2011, for hearing on Plaintiff's Motion to Compel[1] and Motion to Extend Time[2], and remaining Defendants'[3]

---

[1] Doc. No. 101, filed on July 14, 2011.

[2] Doc. No. 146, filed on September 16, 2011.

[3] Originally, Plaintiffs' Complaint asserted causes of action against Colorado Federal Savings Bank as a Defendant and Jacquelyn J. Lanier as a Third Party Defendant to this adversary proceeding. However, Plaintiffs voluntarily dismissed the claims against those Defendants by order entered on August 10, 2011. (Doc. No. 127). Therefore, only the following Defendants remain: Bank of New York Mellon f/k/a Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16; Countrywide Home Loans, Inc.; Bank of America NA; BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP; CWABS, Inc.; and Mortgage Electronic Registration Systems, Inc.

objections thereto. This adversary proceeding involves litigation over the validity of a Proof of Claim and security interest.

## MOTION TO COMPEL

Prior hearings on the Motion to Compel took place on August 11, 2011, and September 1, 2011, and were continued to this date for completion. The Motion involved extensive discovery requests and responses, and many of the matters raised in the Motion and Objection were settled by the parties or with the assistance of the Court, or were resolved by Court rulings made on the record at this and prior hearings. However, after those efforts, two issues from Plaintiffs' First Request for Production of Documents[4], served on Defendants on May 29, 2011, remain and warrant a written order from the Court.

The first issue involves Plaintiffs' Document Request No. 19 which asks Defendants to "identify and provide copies of all communications related to the subject loan created by or directed to any of signers of any of the proofs of claim filed in this case."[5] Defendants objected to this request on various grounds, but the remaining objection involves a claim that the attorney-client privilege shields certain responsive documents from production. Defendants provided a Privilege Log describing and attaching the protected documents for the Court's *in camera* review. Upon review of the documents, it appears that they all involve appropriate communications between attorneys (or their office staff on behalf of the attorneys) and the Defendants regarding an opinion of law or legal service or assistance in a legal proceeding. *See N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir 2011).[6]

---

[4] Doc. No. 101, Ex. 3.
[5] *Id.* at 9, ¶ 19.
[6] The Fourth Circuit has adopted the classic test to determine whether the attorney-client privilege applies to certain communications or documents. The privilege applies only if:
> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the

2

Despite this, Plaintiffs' counsel presented two arguments to support his request to produce over Defendants' claim of privilege as follows: (1) he argues that the privilege does not extend to communications involving staff members in an attorney's office; and (2) that the attorney-client privilege is only a one-way privilege, so it applies only to communications *from* the attorney *to* the client and not in the reverse. Plaintiffs did not offer any authorities at the hearing to support these assertions.

The Fourth Circuit's test for asserting the attorney-client privilege makes it clear that the privilege applies to communication between a client and a person that is "a member of the bar of a court, *or is his subordinate* and (b) in connection with this communication is acting as a lawyer . . ." *Id.* (emphasis added). Therefore, this legal argument is without merit. Further, a review of the documents contained in the privilege log reveals that all communications with the attorney's paralegals and/or staff members were in connection with the attorney's role as Defendants' legal counsel.

Despite Plaintiffs' assertion that the attorney-client privilege applies only to communications from the attorney to the client, it is a well-established legal principal that "[the privilege's] aim is 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *United States v. Jicarilla Apache Nation*, __ U.S. __, 131 S.Ct. 2313, 2320 (U.S.,2011) (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677 (1981)). Courts consistently recognize "the purpose of the privilege to be 'to *encourage*

---

communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 501-02 (4th Cir 2011) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)).

3

*clients to make full disclosure to their attorneys.*'" *Upjohn*, 449 U.S. at 390, 101 S.Ct. 677 (emphasis added) (quoting *Trammel v. United States*, 445 U.S. 40, 51, 100 S.Ct. 906 (1980)). "This rationale for the privilege has long been recognized by the Court." *Id.* (quoting *Hunt v. Blackburn*, 128 U.S. 464, 470, 9 S.Ct. 127 (1888)). Furthermore, "[w]here the client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization who are authorized to act or speak for the organization in relation to the subject matter of the communication." *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 376 (4th Cir. 2009) (citing *Mead Data Central, Inc.,* 566 F.2d, 242, 253 n.24. (D.C. Cir. 1977)). Therefore, the Court concludes that Plaintiffs' position is without merit and the documents need not be produced as they are protected by the attorney-client privilege.

The second remaining issue with regard to the Motion to Compel involves Plaintiffs' Document Request No. 21 which asks Defendants to "produce copies of all civil actions, adversary proceedings, or administrative proceedings that have been filed against you at any time in the past 60 months for any alleged misconduct related to mortgage servicing."[7] Defendants objected on various grounds, including an assertion that compliance with this request is not relevant, is vague, and is overly broad and burdensome.

At prior hearings, the Court agreed with Defendants in part and has attempted to assist the parties in narrowing the request to provide information Plaintiffs need to present their case. Previously, the Court ordered on the record partial compliance with the request by requiring Defendants to provide information regarding "all civil case [and] adversary proceedings . . . that have been filed against you at any time in the past 60 months for any alleged misconduct related to mortgage servicing" that appear on public record searches and

---

[7] Doc. No. 101, Ex. 3 at 9, ¶ 21.

4

involve the Defendants. The Court finds that the Defendants have complied (as limited by the Court at a prior hearing) with this portion of the request by providing information involving approximately 984 matters.

To attempt to define the term "administrative proceedings" as set forth in this request and to limit the request to some degree as ordered by the Court, Plaintiffs outlined an amended Request, asking for the following documents:

> copies of all civil cases and adversary proceeding decisions, and all orders, including consent orders, and agreements involving any of the defendants and the following state or United States governmental regulatory agencies that are dated within the past 60 months regarding any alleged misconduct related to mortgage servicing or securitization:
> a. Federal Trade Commission (FTC)
> b. Federal Deposit Insurance Corporation (FDIC)
> c. Office of the Comptroller of the Currency (OCC)
> d. Office of Thrift Supervision (OTS)
> e. Dept. of Housing and Urban Development (HUD)
> f. Dept. of the Treasury (DOT)
> g. Dept. of Justice (DOJ)
> h. Office of the United States Trustee (UST)
> i. Federal Housing Finance Authority (FHFA)
> j. Securities Exchange Commission (SEC)
> k. Consumer Financial Protection Bureau (CFPB)
> l. Any state Attorney General
> m. Any state consumer protection department or agency
> n. Federal Reserve Board
> o. Any state's highest state court[8]
> p. U.S. Department of Labor[9]

The Court finds that the Defendants have already complied with this request to produce with regard to the UST, the DOJ, and any state's highest state court by providing Plaintiffs the information involving approximately 984 matters, as mentioned.

With regard to the remaining regulatory agencies included in Plaintiffs' most recent request, after considering the arguments of counsel and considering the scope and relevance

---

[8] Doc. No. 147 at 3.
[9] Doc. No. 158, filed September 28, 2011, as supplemented thereafter.

5

of the request to this proceeding, the Court finds that a further narrowing is appropriate to exclude unnecessary production and irrelevant inquiries, and finds that the request should be limited to the following:

> Orders, including consent orders and agreements involving any of the Defendants and the following state or United States governmental regulatory agencies (as set forth herein) that are dated within the past 60 months regarding (1) unsubstantiated fee charges and (2) insufficient documentation to support assertion of a security interest and/or ownership of a loan.

As the nature of the request is altered by this decision, the Court will give Defendants an opportunity to respond to the request prior to production.

## MOTION TO EXTEND TIME FOR DISCOVERY

This adversary proceeding was filed on April 7, 2010. Pursuant to this Court's Scheduling Order[10], discovery was to be concluded on or before February 25, 2011. However, since that time, discovery involving the remaining Defendants has been extended approximately 3 times[11], including a Motion to Extend Time to Hold the Rule 26 Discovery Conference[12]—all of which were at the Plaintiffs' request. Plaintiff did not serve any formal discovery until late May 2011 and no depositions have been conducted. Defendants object to the request to extend and call the Court's attention to the Consent Order entered on July 26, 2011[13], where the parties most recently agreed to an extension to September 16, 2011, as a compromise after vigorous objection by certain Defendants.

Plaintiff's Motion to Extend asks the Court to extend time to complete discovery in order for Plaintiffs to conduct depositions that are not yet scheduled. At the hearing, the

---

[10] Doc. No. 44, entered on Oct. 26, 2010.
[11] *See* Doc. No. 63, entered on Feb. 25, 2011 (extending discovery deadline from February 25th to June 25th); Doc. No. 71, entered on June 20, 2011 (extending Defendants' time to respond to June 30th due to Plaintiffs' failure to timely serve their discovery); and Doc. No. 116, entered on July 26, 2011 (extending the discovery deadline to September 16th)
[12] Doc. No. 40, filed on Sept. 23, 2011.
[13] Doc. No. 116.

6

Court asked Plaintiffs for a plan and timetable regarding completion of discovery for consideration. Plaintiffs' counsel was unable to provide sufficient details for the Court to definitively determine what depositions will be taken, how the depositions will be accomplished, and what delay will result. Plaintiffs' counsel also expressed concern that, as Chapter 13 debtors, Plaintiffs may not be able to afford further discovery and would need time to find creative ways to fund such pursuits.

After considering the pleadings and arguments of the parties and reviewing the record in this case, it appears that an extension of discovery would not be productive and the remaining discovery pursuits could have been completed prior to expiration of the previous extension.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Compel is **granted in part and denied in part**, as set forth herein and on the record of this and prior hearings;

2. The Motion to Compel is denied as to any documents set forth in Defendants' privilege log and responsive to Request No. 19;

3. Defendants shall have ten (10) days from the date of this Order to file a written response to Plaintiffs' Request No. 21, as limited by the Court and set forth above. Thereafter, Plaintiffs shall have ten (10) days from that filing to further respond. The Court will schedule further hearings if necessary or issue an appropriate order regarding compliance.

4. The Motion to Extend discovery is **denied** to the extent that it seeks commencement of new discovery requests or proceedings. However, as the parties are completing compliance with prior timely discovery as set forth

herein, the deadlines in the last scheduling order[14] are hereby extended as follows:

- Motions shall be filed and served on or before **December 15, 2011**, with a new objection date of **January 4, 2012.**

- The Joint Pretrial Order date is hereby changed to **December 19, 2011**.

- The remaining terms of the Scheduling Order entered on October 27, 2010, shall apply to the Plaintiffs and remaining Defendants.

---

[14] Doc. No 116.

8