# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **08-08404-hb**

Adversary Proceeding Number: **10-80047-hb**

# ORDER ON MOTION TO COMPEL PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/07/2011**



*(signature)*
US Bankruptcy Judge
District of South Carolina

Entered: 11/08/2011

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Timothy Carl Kain and Ruth Mulfinger Kain,<br><br>                                            Debtor(s). | C/A No. 08-08404-HB<br><br>Adv. Pro. No. 10-80047-HB<br><br>Chapter 13<br><br>**ORDER ON MOTION TO COMPEL PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21** |
| Timothy Carl Kain<br>Ruth Mulfinger Kain,<br><br>                                            Plaintiff(s),<br><br>v.<br><br>Bank of New York Mellon, f/k/a Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16<br>Bank Of America NA<br>BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP<br>Colorado Federal Savings Bank<br>CWABS, Inc.<br>Countrywide Home Loans, Inc.<br>Mortgage Electronic Registration Systems, Inc.,<br><br>                                            Defendant(s). | |

**THIS MATTER** came before the Court on remaining Defendants' Response in Opposition to Plaintiffs' Motion to Compel on Request No. 21[1] and Plaintiffs' objection thereto.[2]

This matter originates from Plaintiffs' Motion to Compel[3] with regard to Plaintiffs' Request No. 21 in their First Request for Production of Documents.[4]  Originally, Request

---

[1] Doc. No. 164, filed Oct. 10, 2011.
[2] Doc. No. 165, filed Oct. 20, 2011.
[3] Doc. No. 101, filed July 14, 2011.
[4] *Id.* at Ex. 3.

No. 21 was stated: "Please produce copies of all civil actions, adversary proceedings, or administrative proceedings that have been filed against you at any time in the past 60 months for any alleged misconduct related to mortgage servicing."[5] Defendants objected to this request on various grounds, including that the request was irrelevant, vague, overly broad, burdensome, and not calculated to lead to the discovery of admissible evidence.

At prior hearings, the Court agreed with Defendants in part and attempted to assist the parties in narrowing this request to provide information Plaintiffs alleged they may need to present their case. Previously, the Court made rulings on the record that required Defendants to provide information regarding "all civil [and] adversary proceedings . . . that have been filed against you at any time in the past 60 months for any alleged misconduct related to mortgage servicing" that appear on public record searches and involve the Defendants.

A third hearing on the Motion to Compel was held on September 29, 2011. After the hearing, the Court entered an Order[6] addressing the two remaining issues from the hearing, including Request No. 21.[7] The Court previously found that Defendants complied with the portion of Request No. 21 relating to civil and adversary proceedings by providing information involving approximately 984 matters.[8] However, the Plaintiffs still requested information regarding "administrative proceedings" against the Defendants. In an attempt to define and limit the term "administrative proceedings," as set forth in Request No. 21, the Plaintiffs provided an amendment to the Request, asking for the following documents:

---

[5] *Id.* at 9.
[6] Doc. No. 162, entered Sept. 30, 2011.
[7] The other remaining issue involved Plaintiffs' Request No. 19. The Court ordered that Defendants did not need to produce the documents in Request No. 19 because they were protected by attorney-client privilege. *Id.* at 4.
[8] *Id.* at 5.

2

>   copies of all civil cases and adversary proceeding decisions, and all orders, including consent orders, and agreements involving any of the defendants and the following state or United States governmental regulatory agencies that are dated within the past 60 months regarding any alleged misconduct related to mortgage servicing or securitization:
>   a. Federal Trade Commission (FTC)
>   b. Federal Deposit Insurance Corporation (FDIC)
>   c. Office of the Comptroller of the Currency (OCC)
>   d. Office of Thrift Supervision (OTS)
>   e. Dept. of Housing and Urban Development (HUD)
>   f. Dept. of the Treasury (DOT)
>   g. Dept. of Justice (DOJ)
>   h. Office of the United States Trustee (UST)
>   i. Federal Housing Finance Authority (FHFA)
>   j. Securities Exchange Commission (SEC)
>   k. Consumer Financial Protection Bureau (CFPB)
>   l. Any state Attorney General
>   m. Any state consumer protection department or agency
>   n. Federal Reserve Board
>   o. Any state's highest state court
>   p. U.S. Department of Labor[9]

The Court found that Defendants' prior production of 984 matters complied with this request with regard to the UST, the DOJ, and any state's highest court. However, the Court worked with the parties to further narrow the language of Request No. 21 with regard to "administrative proceedings," resulting in the following language, amending Request No. 21:

> Orders, including consent orders and agreements involving any of the Defendants and the following state or United States governmental regulatory agencies (as set forth herein) that are dated within the past 60 months regarding (1) unsubstantiated fee charges and (2) insufficient documentation to support assertion of a security interest and/or ownership of a loan.[10]

Due to the altered nature of the request and the original objection, the Court gave Defendants an opportunity to respond prior to production.

---

[9] *Id.* (citing Doc. No. 147 at 3 & Doc. No. 158).
[10] *Id.* at 6.

3

In response, Defendants filed the instant Response in Opposition to Request No. 21, as amended by the Court. Defendants assert that Request No. 21 must be further limited for reasons set forth in the Response and, pursuant to those limitations Defendants have sufficiently complied with Request No. 21.

The first limitation Defendants assert is that Request No. 21 should be limited to only those orders or agreements with governmental agencies regarding (1) unsubstantiated fee charges and (2) insufficient documentation to support an assertion of a security interest and/or ownership of the loan that involves Bank of New York Mellon ("BNY Mellon"). Defendants argue that because BNY Mellon is the only Defendant who filed a proof of claim in the bankruptcy case, only those orders and agreements are relevant to the subject matter of this adversary proceeding. Therefore, with respect to the other Defendants, "any information regarding their standard business practices in filing proofs of claim could not possibly have any relevance to Plaintiffs' claims or defenses in this current lawsuit."[11]

Next, Defendants argue that Request No. 21 must be further limited to apply to only those orders or agreements between governmental agencies and BNY Mellon in its representative capacity as a trustee because it filed the proof of claim against Plaintiffs in that capacity (and Plaintiffs' adversary proceeding is captioned as being against "Bank of New York Mellon f/k/a/ Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16"). Defendants assert that "[i]t is well-established that 'acts performed by the same person in two different capacities are generally treated as the transactions of two different legal personages.'"[12] Therefore, BNY Mellon has more limited rights and responsibilities as trustee than if it had appeared in its individual

---

[11] Doc. No. 164 at 5 (citing Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401).
[12] *Id.* at 6 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 (1986)).

4

capacity. Further, Plaintiffs did not serve discovery or subpoenas pursuant to Fed. R. Civ. P. 45 on BNY Mellon in its representative capacity as trustee *for other trusts* to obtain the orders or agreements under Request No. 21. Therefore, Plaintiffs only served requests on BNY Mellon in is representative capacity as trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2005-16, and they cannot request any further orders or agreements from other trusts after the deadline for discovery has expired.[13]

Pursuant to the limitations set forth by the Defendants in their Response, Request No. 21 would be amended as follows:

> Orders, including consent orders and agreements involving *The Bank of New York Melon in its representative capacity as trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16* and the following state or United States governmental regulatory agencies (as set forth herein) that are dated within the past 60 months regarding (1) unsubstantiated fee charges and (2) insufficient documentation to support assertion of a security interest and/or ownership of a loan.[14]

Consequently, Defendants claim that they have complied with their proposed amended request because Bank of America, N.A., who is the mortgage servicer in this adversary proceeding, conducted "a diligent search of all documents in its custody, care, possession, or control and has determined that . . . it has not received any investigations, orders, or agreements between any governmental regulatory agencies and BNY Mellon in its representative capacity as trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2005-16."[15] Therefore, Defendants contend that the Plaintiffs' Motion to Compel any further response should be denied.

Plaintiffs replied to Defendants' Response arguing that this Court's Order clearly applies to all Defendants and the fact that only BNY Mellon filed the proof of claim has no

---

[13] *See* Doc. No. 162 at 7 (declining to extend the discovery deadline past Sept. 16, 2011).
[14] Doc. No. 164 at 8.
[15] *Id.* at 9.

5

bearing on this matter because other Defendants were involved in the servicing of the loan at issue. Defendants admitted these facts in previous discovery responses; therefore, plaintiff argues that it would "be unreasonable, and inconsistent with those admissions for the Defendants to now claim that only actions by BNY Mellon in its representative capacity as trustee for the named trust are subject to discovery, and that the actions of the other Defendants are somehow irrelevant."[16] Further, Defendants' position is contrary to its assertion in their Amended Answer, where Defendants stated that an attorney with the Korn Law firm:

> signed the Proof of Claim, solely as attorney for the servicer of the loan, Countrywide Home Loans, Inc., which was servicing the loan for Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16, and therefore, deny that the undersigned attorney was acting in any other agency capacity as Plaintiffs allege . . .[17]

With regard to Defendants' second argument, Plaintiffs assert that orders and agreements involving BNY Mellon in other cases or with other trusts are relevant to this case. In addition, Plaintiffs compare BNY Mellon's role of trustee in the instant case to that of a bankruptcy trustee who, although representing various estates, would have consistent conduct in each case because the bankruptcy trustee is a fiduciary who in the best interest of the estate. Therefore, Plaintiffs reason that, because it is reasonable to assume that bankruptcy trustees act consistently across their cases, it is reasonable to inquire of any improper actions by that bankruptcy trustee in other cases because it may serve as evidence

---

[16] Doc. No. 165 at 2.
[17] Am. Answer., Doc. No. 24 at 3, ¶ 19 (responding to Am. Compl., Doc. No. 8 at 5, ¶ 37, alleging that "on or about February 10, 2009, [Bank of New York for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16] filed a sworn proof of claim with this Court . . . The Claim form was signed by John B. Kelchner, as authorized agent for [Bank of New York for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16], who also represents [Bank of New York for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16] as its attorney of record.").

of the trustee's actions and standard operating procedures.[18] Plaintiffs also assert that, in accordance with their request at the previous hearing, the Office of the Comptroller of the Currency ("OCC") should be added to the list of agencies in Request No. 21, in addition to those entities enumerated in their amended Request.

After a review of the pleadings, the Court finds Defendants' position to be more persuasive. The Court does not find Plaintiffs' comparison to a bankruptcy trustee convincing. Furthermore, the discovery in this adversary proceeding has expired; therefore, Plaintiffs are not entitled to amend their Request to ask for these documents from BNY Mellon in any capacity or as trustee for any trust. Defendants represent that they have complied with Request No. 21 with regard to BNY Mellon as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-1 by diligently searching for the relevant documents. The Court, therefore, finds that Defendants have sufficiently complied with Request No. 21 in this respect.

However, the Court disagrees with Defendants' contention that they must only produce the requested documents with regard to BNY Mellon as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-1 because it filed the proof of claim. Defendants previously admitted in their Amended Answer that the attorney who signed the Proof of Claim did so, "solely as attorney for the servicer of the loan, Countrywide Home Loans, Inc., which was servicing the loan for Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16 . . ."[19] Therefore, the Court finds that orders and agreements involving Countrywide Home Loans, Inc. and the enumerated government agencies in amended Request No. 21

---

[18] Doc. No. 165 at 2-3.
[19] Doc. No. 24 at 3, ¶ 19.

7

could arguably lead to the discovery of relevant evidence and Defendants must produce such documents.

Lastly, the Court denies Plaintiffs' request to add the OCC to the list of government agencies enumerated in amended Request No. 21. The Court previously gave Plaintiffs the opportunity to define the government agencies they would like to include in this request and this entity was omitted. No further amendment will be allowed. The record indicates that Plaintiffs have received, or will receive as a result of this Order, more than sufficient discovery responses from Defendants to proceed with this case.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant(s) must further comply with amended Request No. 21 by producing the following:

   > Orders, including consent orders and agreements involving Countrywide Home Loans Inc. and the state or United States governmental regulatory agencies as set forth in Request No. 21, as previously amended by the Court, that are dated within the past 60 months regarding (1) unsubstantiated fee charges and (2) insufficient documentation to support assertion of a security interest and/or ownership of a loan.

2. In all other respects, Defendants have complied with Request No. 21; and

3. Plaintiffs' request to further amend Request No. 21 to add the Office of the Comptroller of the Currency is hereby denied.